CRICHTON, J.
additionally concurs and assigns reasons:
|/The respondent/defendant has argued that a finding of not guilty by reason of insanity is not tantamount to a conviction—which is true. However, such a disposition does not mean that the defendant did not commit the charged offense. It is only because he was incapable of distinguishing right from wrong at the time that he is exempt from criminal responsibility. He is not innocent; he does not stand exonerated. Indeed, as explained in the majority opinion, a finding of not guilty by reason of insanity constitutes a “disposition adverse to the subject.” See R.S. 15:541(7); State v. Branch, 99-1484 (La. 3/17/00), 759 So.2d 31 (“[A] verdict of not guilty by reason of insanity rests on a determination by the factfinder that the defendant committed the acts charged against him... ”).
In my view, any defendant found not guilty by reason of insanity, treated, and returned to the public, has the potential for relapse and, in such an event, poses no less a risk than one who is convicted, incarcerated for a period of time, and then released into the community. Considering the heightened risk, I believe the public has a corresponding heightened expectation and a right to know that this once insane defendant committed attempted aggravated rape and has returned to the community. Accordingly, it is consistent with law, legislative intent, and public policy that this respondeni/defendant be required to register as a sex offender.
GENOVESE, J., dissents for the reasons assigned by Weimer, J.